WEBB v. COLE.

One cannot, by voluntarily paying money, or rendering services for another, without being requested to do so, make that other his debtor.

If a servant, having his master's money for a specific purpose, make use of it in performing a service which he, without his master's privity, has undertaken for another, the master cannot, by afterwards adopting the servant's act as his own, charge that other party upon the contract made by him with the servant.

ASSUMPSIT, for money paid, laid out and expended.

The action was appealed from a justice of the peace. The evidence tended to show that the plaintiff hired one Samuel Moore to drive his team to Portland and back, with merchandize, and furnished him with money to pay his expenses: That Moore took for the defendant two axes to be repaired, and when the defendant called for them, he said he had no money by him then. Moore told him that he had taken a third person's money to pay for repairing the axes, and therefore he must pay it in soon, but did not tell him whose money it was. Moore afterwards settled with the plaintiff, and gave him an account of the money as paid out, and the plaintiff told him to tell the defendant that he must pay it, or he would sue him: That some months after, Moore met the defendant, and told him, and the defendant replied that he expected it to go on the old account between himself and Moore. The defendant offered evidence to show that Moore owed him, and agreed to take the axes and get them fixed, on that account.

The court instructed the jury that notwithstanding Moore might have so agreed, yet if they were satisfied that he used the money of the plaintiff, which was put into his hands to pay expenses only, and told the defendant when he took them away that it was not paid by his money but the money of another, and that he must refund it soon, and before the action was commenced told him it was the plaintiff's money, and that he claimed the pay from the defendant, and this was before the defendant had accounted for it to any other person, the plaintiff could recover, and not otherwise.

The jury returned a verdict for the plaintiff, and the defendant moved to set it aside, and for a new trial, for misdirection of the court to the jury.

*Morrison,* for the plaintiff.

*Fletcher,* for the defendant.

GILCHRIST, J. The law does not permit one, by voluntarily performing a service or expending money for another, to make that other his debtor. The cases of implied assumpsit have arisen upon the request of the party supposed to have been benefitted by the services or disbursements. The case furnishes no evidence that the defendant requested the plaintiff to pay out the money for which he has instituted this suit. On the contrary, it appears that the witness, Moore, was the party applied to, and who undertook to procure the work to be done for the defendant. It is said that Moore was the agent of the plaintiff. Nothing of the kind appears. Moore was employed by the plaintiff to go to Portland for a specific object, and was furnished with money to be applied to that object, and nothing else. There are certain purposes for which the relation of principal and agent may be established by an act of ratification subsequent to the vicarious

COOS.

act. But no such effect can follow the ratification as to constitute a privity between these two parties against the will and without the consent of the defendant.

The instructions of the court were, therefore, erroneous, and the verdict must consequently be set aside and a

*New trial granted.*